UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-21435-CIV-COOKE/TURNOFF

E. JENNIFER NEWMAN,

    *Plaintiff*,

v.

GREGG J. ORMOND,

    *Defendant*.

_____/

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter is before me on Plaintiff E. Jennifer Newman's Motion for Summary Judgment [D.E. 106] and Defendant Gregg J. Ormond's Motion for Summary Judgment [D.E. 59]. Both parties have filed responses in opposition to the other's motion, and this matter is ripe for ruling. For the reasons stated below, I am granting summary judgment in favor of Defendant.

### A. BACKGROUND

In January 2007, Defendant, via his law firm Gregg J. Ormond, P.A., filed a lawsuit on behalf of the University of Miami ("UM") against Plaintiff. The law suit sought to recover $7,613.18, which Plaintiff owed UM for student loans. The promissory notes Plaintiff signed when she obtained these loans stated the following: "I promise to pay all reasonable collection costs, including attorney fees and other charges, necessary for the collection of any amount not paid when due." On May 13, 2008, the trial court issued a Notice for Non-Jury Trial, setting the case for trial on May 30, 2008. On May 27, 2008, an attorney contacted Defendant on behalf of Plaintiff, and initiated settlement discussions. An email marked "Confidential Settlement Communication" was sent to the attorney, offering to settle the case for $12,617.43. Defendant

never received a response to the email.  On June 2, 2008, after a trial on the matter, final judgment was entered in the amount of $8,505.54.  Defendant filed a Motion for Attorney's Fees in the amount of $5,192.50 on June 6, 2008.  On October 14, 2008, the trial court entered another final judgment, awarding UM $4,187.50 in attorney's fees and costs.  Defendant obtained writs of execution for both judgments, which Plaintiff received on September 12, 2008.  The writs, directed to "each Sheriff of the State of Florida," commanded a levy on the Plaintiff's property in the sums contained in the final judgments.

Plaintiff now claims in her Second Amended Complaint that some of the actions Defendant took in connection with the lawsuit violated the Fair Debt Collection Practices Act ("FDCPA").  Specifically, Plaintiff alleges that Defendant: violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the amount of her debt in the state court proceeding; violated 15 U.S.C. § 1692e(2)(b) by being deceptive in the collection of his attorney's fees; violated 15 U.S.C. § 1692e(5) when he issued a letter to Florida sheriffs regarding a levy on Plaintiff's property; violated 15 U.S.C. § 1692e(7) when he filed a motion for attorney's fees; and violated 15 U.S.C. § 1692c(a)(1) by sending a deposition notice that indicated the deposition would take place at 1:30 a.m.

### B.  LEGAL STANDARD

Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue as to any material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Only the existence of a genuine issue of material fact, as opposed to a simple factual dispute, will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  No genuine issue of material fact exists when the nonmoving party "fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### C. DISCUSSION

Plaintiff, who is appearing *pro se* in this matter, asserts that Defendant violated several sections of the FDCPA.[1] The FDCPA prohibits debt collectors from falsely representing the character, amount, or legal status of any debt, or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. 15 U.S.C. § 1692e(2)(a)-(b). Plaintiff first argues that the trial notice did not contain the amount of the debt, which violated § 1692e(2)(a). This notice, however, was issued by the trial court, and not the Defendant. Plaintiff also contends that Defendant falsely represented the amount of the debt when it issued a settlement offer that included attorneys' fees. But requesting a specific amount for attorney's fees does not violate the statute where the contract includes a provision allowing for the recovery of collection costs. *See, e.g. Gaisser v. Portfolio Recovery Associates*, LLC, 571 F.Supp.2d 1273 (S.D.Fla. 2008). Plaintiff signed a promissory note wherein she acknowledged that she would "pay all reasonable collection costs, including attorney fees and other charges, necessary for the collection of any amount not paid when due." Defendant's request for attorney's fees does not violate the FDCPA under these facts.

Plaintiff also claims that the issuance of an order of execution against her property based on the final judgment against her was a violation of 15 U.S.C. § 1692e(5). A debt collector violates § 1692e(5) when he or she threatens to take any action that cannot legally be taken or

---

[1] Plaintiff's Motion for Summary Judgment contains claims that are not included in her Second Amended Complaint. The liberal pleading standard allowed in federal court, however, does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage. *See McShane v. U.S. Attorney General*, 144 Fed.Appx. 779, 788 (11th Cir. 2005). I am denying summary judgment on those claims without further analysis.

that is not intended to be taken. Plaintiff appears to argue that Defendant could not have intended to enforce the levy because she had no such property. This argument, while well intended, ignores the common place use of a writ of execution in legal actions. Defendant obtained a final judgment in his client's favor, and was free to attempt to collect on it. Plaintiff does not contend that this action could not legally be taken, and has presented no evidence to support a claim that Defendant did not intend to take such action.

Plaintiff also objects to Defendant's assertion, in his motion for attorneys' fees, that Plaintiff refused to settle the matter. Plaintiff claims that this was a blatant deception, in violation of 15 U.S.C. § 1692e(7), which prohibits the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. This motion was filed in state court. The Eleventh Circuit has concluded that the term "communication" does not include a "legal action or pleading." *Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003). Thus, Plaintiff cannot plausibly state a claim against Defendant based on the motion for attorney's fees.

Finally, Plaintiff argues that Defendant violated § 1692c(a)(1), when he issued a deposition notice that scheduled a deposition for 1:30 a.m. Section 1692c(a)(1) generally prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. The undisputed evidence in this matter, however, clearly establishes that Plaintiff never even received the notice, and never appeared for deposition at that time. The first time Plaintiff saw the notice was when she reviewed her case file after final judgment had been issued. Defendant asserts that the time was merely a typographical error, and he never intended to hold a deposition in the dead of night. I cannot agree with Plaintiff's claim

that this notice is a violation of § 1692c(a)(1). Furthermore, the law of this circuit would likely not consider a deposition notice to be the type of communication protected by the FDCPA. *See, e.g. Acosta v. Campbell*, 309 Fed.Appx. 315, 320 (11th Cir. 2009)(holding that a communication issued from foreclosing party, or its counsel, regarding the foreclosure, does not violate 15 U.S.C. § 1692c(b), as such a communication is not subject to the FDCPA). Defendant is entitled to summary judgment on each of Plaintiff's claims.

### D. CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment [D.E. 106] is **DENIED** and Defendant's Motion for Summary Judgment [D.E. 59] is **GRANTED**. This case is **CLOSED**. All other pending motions are **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 24th day of February 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:

All counsel of record