UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21435-Civ-COOKE/TURNOFF

E. JENNIFER NEWMAN,

    Plaintiff
vs.

GREGG J. ORMOND,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CASE is before me on Defendant Gregg J. Ormond's ("Ormond") Motion for Summary Judgment (ECF No. 191). I have reviewed the record, the motion and Plaintiff E. Jennifer Newman's ("Newman") response thereto. For the reasons explained below, Ormond's motion for summary judgment is granted.

### Background

On May 27, 2009, Newman filed a *pro se* complaint against Ormond, an attorney and debt collector, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Newman's FDCPA allegations relate to an underlying state court action in which Ormond filed suit against Newman on behalf of the University of Miami in an attempt to recover $7,613.18 owed in student loans. The University of Miami's student loan collection file indicated that Newman never made a payment on her loans, which went into repayment status in January of 1998. The file also indicated multiple unsuccessful collection efforts over the years by in-house collections and outside agencies.

On June 2, 2008, the state trial court entered final judgment against Newman in the amount of $8,505.54. On October 14, 2008, the state trial court also awarded the University of

Miami $4,187.50 in attorney's fees and costs. Ormond obtained writs of execution for both judgments, which Newman received on September 12, 2008. The writs, directed to "each Sheriff of the State of Florida" commanded a levy on Newman's property in the sums contained in the final judgments.

In her complaint, Newman alleged that Ormond violated 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(7) and 1692c(a) when Ormond (1) misrepresented the amount of the debt in the state court proceeding, (2) illegally requested attorney's fees, (3) sent Newman writs of execution without identifying any property subject to levy and without any intent to pursue the writes, (4) falsely represented that Newman refused to settle the dispute prior to trial and (5) scheduled a deposition for a prohibited time. (*Compl.*, ECF No. 1). On February 24, 2010, I entered an order granting summary judgment in favor of Ormond as to all of Newman's claims. (ECF No. 156). On March 26, 2010, Newman appealed to the United States Court of Appeal for the Eleventh Circuit. (*Not. of Appeal*, ECF No. 160).

On appeal, the Eleventh Circuit held that summary judgment was appropriate on all issues except for Newman's allegation that Ormond unlawfully sent her writs of execution that he had no intent to pursue. (*Mandate of USCA*, ECF No. 170). The Eleventh Circuit found that a genuine issue of material fact existed as to whether Ormond intended to take the legal action that he allegedly threatened in the writs of execution. (*Id.*). On remand, Ormond again moves for summary judgment and argues that he is entitled to judgment as a matter of law as to Newman's FDCPA claims.

## Legal Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial … [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether summary judgment is proper, a court must draw evidentiary inferences in the light most favorable to the nonmoving party and resolve all reasonable doubts in that party's favor. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

### Discussion

Newman, who is appearing *pro se* in this matter, claims that Ormond violated 15 U.S.C. § 1692e(5) by sending her procedurally defective writs of execution that he had no intent to pursue. On September 12, 2008, Newman received copies of two writs of execution, which commanded a levy on Newman's property. In support of her claim, Newman argues that the writs failed to identify the property that was subject to be levied upon, that Ormond failed to deliver the writ to the sheriff as required by Florida law, and that Ormond failed to effectuate the execution of the writ for over a year.

Section 1692e(5) of the FDCPA makes it unlawful for a debt collector to "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §

3

1692e(5).  A claim raised under § 1692e(5) "requires proof of a fact which amounts to a *per se* violation" of the FDCPA.  *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).  Thus, the Court need only determine whether Ormond, as a judgment creditor, unlawfully obtained the writs of execution without any intent to pursue them.

There is no issue of material fact as to Ormond's entitlement to obtain the writ of execution.  "[A] judgment creditor's entitlement to the issuance of a writ of execution is a concomitant of a final recorded judgment."  *DuBreuil v. Regnvall*, 527 So. 2d 249, 249 (Fla. Dist. Ct. App. 1988) (citing Fla. R. Civ. P. 1.550).[1]  Under Florida law, a judgment creditor may request that the clerk of court issue a writ of execution "directed to all and singular sheriffs of the state," in order to satisfy the amount of the judgment.  Fla. Stat. § 56.031.  Contrary to Newman's contentions, Florida law does not require the executions to specifically describe the property that subject to levy under the writ.[2]  The execution form, Fla. R. Civ. P. Form 1.914, contains no provision or space to describe the property to be levied upon.  Furthermore, the validity of a writ is predicated on obtaining a valid judgment against the debtor, not upon the delivery to a sheriff.

---

[1] Pursuant to Rule 1.550, "[e]xecutions on judgments shall issue during the life of judgment on the oral request of the party entitled to it or his attorney without praecipe.  No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing, and if a motion for new trial or rehearing is timely served, until it is determined; provided execution or other final process may be issued on special order of the court at any time after judgment."

[2] Writs, process; duties and liabilities in levying. – (1) Whenever any writ, issuing out of any court of this state, shall be delivered to a sheriff, commanding the sheriff to levy upon property specifically described therein, it shall be his or her duty to levy upon such property.  If no property is specifically described in the writ, he or she shall levy upon: (a) Any property in the possession of the defendant which is described in the instructions for levy; and (b) Upon any property assessed against the defendant on the current tax rolls of the country or registered in his or her name under any law of the United States or of the state, upon the request of the plaintiff or the plaintiff's attorney listing such property in an instructions for levy.  The instructions for levy shall state the balance due on such writ.  Fla. Stat. § 30.30 (1)

Newman also argues that Ormond unlawfully threatened to levy her property by mailing her copies of the writs of execution. Ormond, however, claims that writs were mailed in compliance with Fla. R. Civ. P. 1.080(a) and were not a prohibited communication under the FDCPA. Pursuant to Rule 1.080(a), "every pleading subsequent to the initial pleading and every other paper filed in the action, except applications for witness subpoena, shall be served on each party." Although the Rule 1.080(a) does not compel a judgment creditor to serve a judgment debtor with writs obtained from the Clerk of Courts, I find that it is a valid litigation practice to do so. The receipt alone of such communications is not a "threat" within the meaning § 1692e(5) or Florida levy jurisprudence.[3]

Lastly, Newman asserts that Ormond did not intend to pursue the writs to levy Newman's property because he has not attempted to seize any assets. I disagree. Upon the issuance of the state trial court judgments, Newman knew, or should have known, that she would be required to pay the money owed to the University of Miami. The state court record clearly evidences that Ormond has attempted to conduct post-judgment discovery in an attempt to aid execution of the final judgments.[4] Rather than actively participating in the post-judgment discovery process, Newman acted with extraordinary tergiversation. Based on the record evidence alone, it would be unreasonable to infer that Ormond lacked the requisite intent to levy Newman's property.

---

[3] "The FDCPA does not define what constitutes a 'threat.' Black's Law Dictionary defines 'threat' as 'a communicated intent to inflict harm or loss on another's property' …" *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1195 (11th Cir. 2010).

[4] Once issued, an writ of execution is valid and effective during the life of the judgment on which it was issued. Fla. Stat. § 56.021.

## Conclusion

For the forgoing reasons, Defendant Gregg J. Ormond's Motion for Summary Judgment (ECF No. 191) is **GRANTED**. The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** *as moot*

**DONE and ORDERED** in chambers at Miami, Florida this 1st day of June 2011.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge